**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

IN RE:

**GOOD DEED 317, LLC,**

        **Debtor.**

**CHAPTER 11**

**CASE NO. 20-71227-PMB**

## LV ATLANTA LLC'S EXPEDITED MOTION FOR AN ORDER AUTHORIZING AND DIRECTING EXAMINATION OF THE DEBTOR PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004

LV Atlanta LLC ("LV"), by and through counsel, hereby moves the Court (the

"Motion"), for the entry of an Order, substantially in the form attached hereto as **Exhibit A**,

authorizing and directing the examination of the debtor and debtor-in-possession in the above-

referenced case (the "Debtor") pursuant to Rule 2004 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules").  In support thereof, LV respectfully submits as follows:

### JURISDICTION

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157

and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicate for the relief sought is Bankruptcy Rule 2004.

### BACKGROUND

4.      The Debtor is a Single Asset Real Estate debtor whose sole purpose is to function

as a holding company of that certain real property located at 3133 Continental Colony Parkway,

Atlanta, Georgia (the "Property") for the benefit of Areu Studios, LLC ("Areu Studios"), a

debtor in another case before this Court.  *See* Case No. 20-71228.  Areu Studios owns 100% of the Debtor's membership interests.

5.      On or about December 13, 2018, LV and the Debtor and LV entered into a series of loan documents, including, without limitation, the following: (i) *Loan Agreement*; (ii) *Promissory Note*; (iii) *Deed to Secure Debt, Assignment of Leases and Rents, Security Agreement and Fixture Filing*; and (iv) *Assignment of Leases and Rents* (collectively, the "Agreements").  Pursuant to the Agreements, LV loaned the Debtor $12,000,000 and the Debtor, in exchange, granted LV a first priority security interest in the Property, as well as security interests in, among other things, proceeds generated by the Property.  The loan matures pursuant to the Agreements on December 13, 2020.

6.      Ozzie Areu, the manager of Areu Studios, is the guarantor of the Debtor's obligations under the Agreements in accordance with that certain *Non-Recourse Carve Out Guaranty Agreement* (the "Guaranty") entered into on December 13, 2018 by and between Ozzie Areu and LV.

7.      In September 2020, the Debtor defaulted on its obligations under the Agreements. As a result, LV and the Debtor entered into that certain *Forbearance Agreement* (the "Forbearance Agreement") that provided the Debtor until November 1, 2020 to cure its default.

8.      The Debtor did not satisfy its obligations under the Forbearance Agreement. Instead, it filed this chapter 11 petition on October 29, 2020 (the "Petition Date") just days before LV was entitled to exercise its remedies under both the Forbearance Agreement and the Agreements.

9.      The Debtor's *Bankruptcy Schedules* [D.I. 20] (the "Schedules"), filed on

November 13, 2020, reveal that the Debtor's primary, and arguably sole, asset is the Property,

which the Debtor values at $25,700,000.  LV is by far the largest of the Debtor's only two

identified secured creditors, both of which hold claims secured by the Property.  LV holds a

secured claim in the approximate amount of $11,700,000 as of the Petition Date.  The debt

continues to accrue interest as well as other fees as provided in the Agreements.

10.      On November 11, 2020, the Debtor filed its *Disclosure Statement for Plan of

Reorganization* [D.I. 12] (the "Disclosure Statement") and its *Chapter 11 Plan of Reorganization*

[D.I. 13] (the "Plan").  The hearing on the Disclosure Statement is scheduled for December 14,

2020, with written objections being due at least two business days prior to the hearing date.  [See

D.I. 16]. The purpose of the Motion and attendant discovery is to obtain further information on

the Debtor's proposed treatment of LV's claim, the projections contained in the Disclosure

Statement, and the Debtor's liquidation analysis, among other things.

## RELIEF REQUESTED

11.      By this Motion, LV respectfully requests that the Court enter an Order,

substantially in the form annexed hereto as **Exhibit A**, on an expedited basis:

(a)      ordering the Debtor to appear for an oral examination at a time and place

as agreed upon by the parties;

(b)      authorizing LV to conduct an oral examination of the Debtor relating to

the documents set forth on **Exhibit 1**, attached to the Order; and

(c)      directing the Debtor to produce to LV by December 1, 2020 the

documents set forth on **Exhibit 1**, attached to the Order.

## BASIS FOR RELIEF REQUESTED

12.     Bankruptcy Rule 2004 provides, in pertinent part, that upon the motion of any party in interest, "the court may order the examination of any entity."  FED. R. BANKR. P. 2004(a).  The scope of the examination is far reaching.  Pursuant to Bankruptcy Rule 2004(b), the examination "may relate . . . to the acts, conduct or property . . . of the debtor, or to any matter which may affect the administration of the debtor's estates . . . ." *Id*. at (b). The purpose of an examination under Bankruptcy Rule 2004 is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred.  *See Cameron v. United States*, 231 U.S. 710, 717 (1914). *See also New York Times Co. v. Sullivan*, 376 U.S. 254, 305 (1964) ("As Mr. Justice Brandeis correctly pointed out, 'sunlight is the most powerful of all disinfectants.'") (internal citations omitted).

13.     To that end, "[Bankruptcy] Rule 2004 permits the broadest kind of deposition." *In re Stewart*, No. 5:95-CV-235-4, 1995 U.S. Dist. LEXIS 22333, at *4 (Bankr. M.D. Ga. June 7, 1995) (internal citations omitted).  Indeed, the "investigation of an examiner . . . is supposed to be a fishing expedition, as exploratory and groping as appears proper to the Examiner [sic]."  *Id*. at * 5 (internal citations omitted).  Moreover, a request for a Bankruptcy Rule 2004 examination may be granted on an ex parte basis.  *See, e.g., In re M4 Enters.*, 190 B.R. 471, 473 n.2 (Bankr. N.D. Ga. 1995) ("As most practitioners are aware, courts customarily dispose of [Bankruptcy] Rule 2004 motions on an ex parte basis.").

14.     LV is entitled to discovery of certain documents at this time given its status as the foremost creditor in this proceeding and given the short amount of time between the filing of

chapter 11 case and the hearing on the Disclosure Statement.  Moreover, the Debtor's filings and disclosures at this juncture are woefully inadequate as they prohibit LV from assessing the adequacy of the Disclosure Statement and the Plan's proposed treatment of LV's claim.

15.     LV's request for documentation will explore, among other things, the amount and source of Debtor's assets; the accuracy of the Debtor's Bankruptcy Schedules; certain transfers pertaining to the Property and/proceeds derived from the Property by and between Areu Studios, Areu Studios' subsidiaries, and Ozzie Areu; and the Debtor's justification, if any, of the LV's proposed treatment under the Debtor's Chapter 11 Plan.

16.     Cause exists to grant the relief requested herein on an expedited basis given the upcoming hearing on the Debtor's Disclosure Statement, scheduled for December 14, 2020. Given the relative infancy of the case, LV has obtained scant information from the Debtors, particularly with respect to the Debtor's proposed business model, prepetition use of funds, and the value of the collateral securing the Debtor's obligations to LV.  LV requests that the Court order the Debtor to produce the requested documents and information on or before December 1, 2020.

17.     For these reasons, LV respectfully submits that it is entitled to the documents set forth in **Exhibit 1** pursuant to Bankruptcy Rule 2004.

**CONCLUSION**

18.     WHEREFORE, LV respectfully requests entry of an Order, substantially in the form annexed hereto as **Exhibit A**:

(a)     directing the Debtor to appear for an oral examination at a time and place as agreed upon by the parties;

(b)      authorizing LV to conduct an oral examination of the Debtor relating to the documents set forth on **<u>Exhibit 1</u>**, attached to the Order; and

(c)      directing the Debtor to produce to LV by December 1, 2020 the documents set forth on **<u>Exhibit 1</u>**, attached to the Order.

(d)      granting LV such other and further relief as is just and proper.

[*Signature on following page*]

111449924v1

Dated: November 19, 2020
Atlanta, Georgia

Respectfully submitted,

TROUTMAN PEPPER HAMILTON
SANDERS LLP

*/s/    Matthew R. Brooks*
Matthew Ray Brooks (GA Bar No. 378018)
Matthew G. Roberts (GA Bar No. 367914)
600 Peachtree Street, NE
Suite 3000
Atlanta, GA 30308
Telephone: 404.885.3000
Facsimile: 404.885.3900
E-mail:  matthew.brooks@troutman.com
E-mail:  Matthew.Roberts2@troutman.com

*Counsel for LV Atlanta LLC*

111449924v1

**<u>EXHIBIT A</u>**

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **IN RE:** | **CHAPTER 11** |
| **GOOD DEED 317, LLC,** | |
| | **CASE NO. 20-71227-PMB** |
| **Debtor.** | |

<u>**ORDER GRANTING BANKRUPTCY RULE 2004 EXAMINATION OF DEBTOR**</u>

The Court having considered LV Atlanta LLC's Motion for an Order Authorizing

and Directing Examination of the Debtor Pursuant to Federal Rule of Bankruptcy Procedure

2004 [D.I. •] (the "Motion"), filed November 19, 2020 by LV Atlanta LLC's ("LV") for an

examination of the above-referenced debtor and debtor in possession (the "Debtor") pursuant to

Rule 2004 of the Federal Rules of Bankruptcy Procedure, and it appearing that good cause exists

for the relief requested therein,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on the terms and conditions set forth herein;

111449924v1

2.      The Debtor is ordered and directed to appear for an oral examination by deposition on a date and time as agreed upon by the parties to give testimony regarding the topics identified and set forth on **Exhibit 1**, attached hereto;

3.      The deposition will be taken before a notary public or other person authorized to administer oaths for the purposes of discovery and preserving testimony and will be recorded by stenographic and/or videographic means;

4.      The Debtor is ordered and directed to produce the documents identified and set forth on **Exhibit 1**, attached hereto, to LV no later than December 1, 2020, by delivering copies of the requested documents to counsel for LV, whether by courier or electronic mail, at the following address: Troutman Sanders LLP, ATTN: Matthew R. Brooks, 600 Peachtree St NE, Suite 3000, Atlanta GA 30308; matthew.brooks@troutman.com.

**[END OF DOCUMENT]**

[*Signature on following page*]

111449924v1

PREPARED AND PRESENTED BY:

*/s/*_____
Matthew Ray Brooks (GA Bar No. 378018)
Matthew G. Roberts (GA Bar No. 367914)
600 Peachtree Street, NE
Suite 3000
Atlanta, GA 30308
Telephone: 404.885.3000
Facsimile: 404.885.3900
E-mail:  matthew.brooks@troutman.com
E-mail:  Matthew.Roberts2@troutman.com

*Counsel for LV Atlanta LLC*

## <u>DISTRIBUTION LIST</u>

*(Counsel to the Debtor)*
Cameron M. McCord
Jones & Walden, LLC
699 Piedmont Avenue NE
Atlanta, GA 30308
(404) 564-9300
Fax : (404) 564-9301
Email: cmccord@joneswalden.com


Good Deed 317, LLC
3133 Continental Colony Parkway SW
Atlanta, GA 30331

Nancy J. Gargula
United States Trustee, Region 21
By: Shawna Staton, Trial Attorney
United States Department of Justice
Office of the United States Trustee
Suite 362, Richard B. Russell Building
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303
Phone: 404-331-4437, Ext. 152
Email: Shawna.P.Staton@usdoj.gov

111449924v1

**<u>EXHIBIT 1</u>**

## DEFINITIONS

As used herein, the following definitions and instructions shall apply:

1. The "Debtor" and "Good Deed" is the debtor in the bankruptcy proceeding, Good Deed 317, LLC;

2. The "Debtors" are, collectively, Good Deed 317, LLC, the debtor in the instant proceeding, and Areu Studios, LLC, the debtor in Case No. 20-71228-pmb;

3. "LV" is LV Atlanta LLC;

4. "You" or "Your" as used herein shall mean Good Deed 317, LLC, its various agents, employees, subsidiaries and attorneys;

5. The "Parties" are, collectively, LV Atlanta LLC, Good Deed 317, LLC and Areu Studios, LLC;

6. "Cinelease" means Cinelease, Inc.

7. "Person" or "Persons" mean natural persons, corporations, partnerships, joint ventures, unincorporated associations, and all other entities;

8. "Document" is defined to be synonymous with the broadest possible meaning of the word "documents" as that word is used in Rule 34 of the Federal Rules of Civil Procedure, made applicable herein by Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, and shall include electronically stored information;

9. "Communication(s)" includes every manner of transmitting or receiving facts, information, opinions, or thoughts from one person to another person, whether orally, by documents, writing, email, or copy thereof, and to words transmitted by telephone, radio, or any method of voice recording;

10. The "Loan Agreement" means the *Loan Agreement* entered into by Good Deed 317, LLC, as Borrower, and LV Atlanta LLC, as Lender, dated December 13, 2018;

11. The "Security Instrument" means the *Deed to Secure Debt, Assignment of Leases and Rents, Security Agreement and Fixture Filing* entered into by Good Deed 317, LLC, as Grantor, and LV Atlanta LLC, as Grantee, dated December 13, 2018;

12.   The "Property" means the property set forth on <u>Schedule A</u> to the *Deed to Secure Debt, Assignment of Leases and Rents, Security Agreement and Fixture Filing* entered into by Good Deed 317, LLC, as Grantor, and LV Atlanta LLC, as Grantee, dated December 13, 2018;

13.   The "Revenue Sharing Agreement" means that certain *Revenue Sharing Agreement*, dated April 3, 2019, by and between Cinelease and Areu Studios, LLC, as referenced in *Areu Studios, LLC's Disclosure Statement* [Case No. 20-71228, D.I. 16 at 7].

14.   The "Studio Sublease Agreement" means that certain *Studio Sublease Agreement*, dated April 3, 2019, by and between Cinelease and Areu Studios, LLC, as referenced in *Areu Studios, LLC's Disclosure Statement* [Case No. 20-71228, D.I. 16 at 7].

15.   "PPP" means the Paycheck Protection Program established pursuant to the Coronavirus Aid, Relief, and Economic Security Act (CARES Act).

16.   "SBA" means the United States Small Business Administration.

17.   The "Petition Date" means October 29, 2020;

18.   The "Bankruptcy Code" means 11 U.S.C. 101 *et seq*;

19.   "Affiliate" means affiliate as defined in the Bankruptcy Code;

20.   "Insider" means insider as defined in the Bankruptcy Code;

21.   The "Disclosure Statement" means the Debtor's *Disclosure Statement for Plan of Reorganization* [D.I. 12] filed on November 11, 2020; and

22.   The "Plan" means the Debtor's *Chapter 11 Plan of Reorganization* [D.I. 13] filed on November 11, 2020.

## <u>INSTRUCTIONS</u>

23.     Each Request for Production seeks documents and things in the possession, custody, or control of Good Deed and/or its representatives or agents, including its attorneys, to the extent such documents are not protected by the attorney-client privilege, as well as documents in the possession, custody, or control of any other persons acting for or on Good Deed's behalf.

24.     Documents or things responsive to these Requests for Production shall be produced as they are kept in the usual course of business.

25.     Whenever in these Requests Good Deed is asked to identify or produce a document which is deemed to be properly withheld from production:

    (a)     If Good Deed is withholding the document under a claim of privilege (including, but not limited to, the attorney-client privilege and/or work product doctrine), please provide the type of document, the date of the document, and such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you.

    (b)     If Good Deed is withholding a document for any reason other than an objection that is beyond the scope of discovery or that a request is unduly burdensome, identify each document, and in addition to the information requested above, please state the reason for withholding the document.

26.     When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing any privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

27.     If production of any requested document is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed request.

111449924v1

28.      If any document or thing requested was, but is no longer in the possession or subject to the control of Good Deed, or is no longer in existence, state whether it:

      (a)      is missing or lost;

      (b)      has been destroyed;

      (c)      has been transferred, voluntarily or involuntarily, to others and state the identity of those persons to whom it has been transferred;

      (d)      has been otherwise disposed of, and in each instance, explain the circumstances surrounding such disposition, state the date or approximate date thereof, and the identity of the persons with knowledge of such circumstances; or

      (e)      identify the writings that are missing, lost, destroyed, transferred or otherwise disposed of, by author, date, subject matter, addressee and the number of pages.

29.      The present tense includes the past and future tenses. The singular includes the plural, the plural includes the singular. "All" means "any and all"; "any" means "any and all"; "including" means "including but not limited to"; "and" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

30.      If the requested documents are maintained in a file, the file folder is included in the production of those documents.

31.      Each and every request for a document or documents to be produced requires production of the document, in its entirety, without abbreviation or expurgation, and without redacting any portions of it.

32.      More than one paragraph of this Request may ask for the same document. The presence of such duplication is not to be interpreted to narrow or limit the normal interpretation placed upon each individual request.

33.      Except as otherwise indicated, the period covered by these Requests shall be from December 13, 2018, to the present.

## REQUEST FOR PRODUCTION

1.      A copy of the Operating Agreements of the Debtor, including any and all amendments, addendums, or restatements thereto, for the years 2017, 2018, 2019, and 2020;

2.      Copies of all contracts and agreements between the Debtor and any entity controlled, directly or indirectly, by Ozzie Areu or any of his relations;

3.      All Documents relating to any application for and confirmation of any loan requested and received by the Debtor from December 13, 2018 up through and including the Petition Date, including, but not limited to, PPP and SBA loans;

4.      A copy of the *Studio Sublease Agreement* with Cinelease;

5.      A copy of the *Revenue Sharing Agreement* with Cinelease;

6.      All Documents relating to any extension or proposed new lease or other agreement with any party, including without limitation, Cinelease or Warner Brothers;

7.      All Documents relating to any refinancing proposals, terms sheets or expressions of interest from any party received by the Debtor with respect to the secured debt held by LV;

8.      All Documents relating to any purchase offers received by the Debtor for the Property;

9.      Copies of all appraisals of the Property;

10.      All Documents relating to Debtor's financial condition from four (4) years prior to the Petition Date up through and including the Petition Date, including, but not limited to, bank statements, profit and loss statements, balance sheets, and cash flow statements, including copies of all monthly bank statements, checks, ACH transfers, wires and all other forms of transfers received or sent from all bank accounts in which the Debtor has an interest;

11.      All Documents relating to any and all transfers of funds by and between the Debtor, Areu Studios, LLC, any subsidiary of Areu Studios, LLC, any Affiliate of Areu Studios, LLC or Ozzie Areu from four (4) years prior to the Petition Date up through and including the Petition Date, including, but not limited to, copies of all checks, ACH transfers, wires and all other forms of transfers received or sent from all bank accounts in which Areu Studios, LLC or the Debtor has an interest;

12.      The federal and state income tax returns of Ozzie Areu for years 2017, 2018 and 2019;

13.      Copies of any and all leases, including, but not limited to, any and all amendments or addendums thereto, between Good Deed 317, LLC and Areu Studios, LLC;

14.    All Documents relating to all payments paid by the Debtor, its Affiliates, or its Insiders to Kim Ledford;

15.    All Documents relating to compensation or any other payments paid by the Debtor, its Affiliates, or its Insiders to Ozzie Areu occurring within one (1) year prior to the Petition Date;

16.    All Documents relating to any and all transfers from the Debtor to any Insiders, occurring within four (4) years prior to the Petition Date;

17.    The general ledger (or any similar Document) of the Debtor from three (3) years prior to the Petition date up through and including the Petition Date;

18.    All Documents supporting the information contained in the Debtor's Bankruptcy Petition and accompanying schedules and disclosures;

19.    The Debtor's federal and state income tax returns for tax years 2017, 2018, and 2019 (if prepared);

20.    All budgets and projections of revenues and expenses relating to the Debtor's pending Chapter 11 case, including, but not limited to, the Debtor's Plan;

21.    All Documents relating to the liquidation analysis of the Debtor as required by Section 1129(a)(7) of the Bankruptcy Code;

22.    All Documents relating to the Cinelease advance in 2019 in the approximate amount of $2.8 million pursuant to the *Revenue Sharing Agreement*, including, but not limited to, how said funds were transferred and received, as well as all Documents relating to the use of those funds by the Debtor, Areu Studios, LLC, any subsidiary of Areu Studios, LLC, or Ozzie Areu;

23.    All Documents relating to the sale of 22.77 acres of certain property to Stone Hogan Commerce for $2,650,000 and all Documents relating to the use by the Debtor of the sale proceeds, including, but not limited to, all Documents relating to the use of $1,000,000 of sale proceeds by the Debtor, Areu Studios, LLC, any subsidiary of Areu Studios, LLC, or Ozzie Areu;

24.    All Documents relating to any claims held by the Debtor against Areu Studios, LLC and/or any entity related to Areu Studios, LLC, including, but not limited to, Areu Group and Areu Brothers;

25.    All Documents relating to and forming the basis of the Debtor's proposed treatment of LV under the Plan, including, but not limited to, the proposed interest rate of 4.25%;

26.     Any and all expert reports the Debtor intends to use in connection with and in support of its Plan;

27.     Any and all audited or unaudited financial statements of the Debtor for the last three (3) years prior to the Petition Date; and

28.     Any and all Documents relating to any and all transfers involving the Property as well as transfers of funds associated with, derived from or attributable to the Property, by and between the Debtor, Areu Studios, LLC, any entity related to Areu Studios, LLC, Ozzie Areu, or any entity in which Ozzie Areu holds an interest.

<u>**CERTIFICATE OF SERVICE**</u>

I, Matthew R. Brooks, hereby certify that on the 19th day of November, 2020, I served or

caused to be served the foregoing **EXPEDITED MOTION FOR AN ORDER AUTHORIZING**

**AND DIRECTING EXAMINATION OF THE DEBTOR PURSUANT TO FEDERAL RULE**

**OF BANKRUPTCY PROCEDURE 2004** upon the following parties by via ECF:

*(Counsel to the Debtor)*
Cameron M. McCord
Jones & Walden, LLC
699 Piedmont Avenue NE
Atlanta, GA 30308
(404) 564-9300
Fax : (404) 564-9301
Email: cmccord@joneswalden.com

Nancy J. Gargula
United States Trustee, Region 21
By: Shawna Staton, Trial Attorney
United States Department of Justice
Office of the United States Trustee
Suite 362, Richard B. Russell Building
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303
Phone: 404-331-4437, Ext. 152
Email: Shawna.P.Staton@usdoj.gov


*/s/ Matthew R. Brooks*
Matthew R. Brooks
GA Bar No. 378018

1114303034v1