**IT IS ORDERED as set forth below:**



**Date: November 24, 2020**

_____
**Paul Baisier**
*U.S. Bankruptcy Court Judge*

_____

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE:<br><br>**GOOD DEED 317, LLC,**<br><br>Debtor. | **CHAPTER 11**<br><br>**CASE NO. 20-71227-PMB** |

**ORDER GRANTING LV ATLANTA LLC'S EXPEDITED REQUEST FOR
EXAMINATION OF DEBTOR AND DISCOVERY PURSUANT TO FEDERAL RULE
OF BANKRUPTCY PROCEDURE 2004**

The Court having considered LV Atlanta LLC's *Expedited Motion for an Order Authorizing and Directing Examination of the Debtor Pursuant to Federal Rule of Bankruptcy Procedure 2004* [D.I. 23] (the "Motion"), filed November 19, 2020 by LV Atlanta LLC ("LV") for an examination of the above-referenced debtor and debtor in possession (the "Debtor") pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, and it appearing that good

111470763v1

cause exists for the relief requested therein,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on the terms and conditions set forth herein;

2. LV is authorized to proceed with discovery and conduct an examination of the Debtor by and through its designated representative in accordance with Fed.R.Bankr.P. 2004(b) at a mutually agreed date, time, and place;

3. The examination will be taken before a notary public or other person authorized to administer oaths for the purposes of discovery and preserving testimony and will be recorded by stenographic and/or videographic means;

4. The examination may be rescheduled or adjourned from time to time and place to place by agreement of the parties, by announcement at the examination, or as set forth in a notice filed with the Court and served on the Debtor and its counsel;

5. The Debtor is ordered and directed to produce the documents identified and set forth on **Exhibit 1**, attached hereto, to LV no later than December 7, 2020, by delivering copies of the requested documents to counsel for LV, whether by courier or electronic mail, at the following address: Troutman Pepper Hamilton Sanders LLP, ATTN: Matthew R. Brooks, 600 Peachtree St NE, Suite 3000, Atlanta GA 30308; matthew.brooks@troutman.com.

6. If attendance and production of designated documents in connection with said examination, cannot be obtained voluntarily, LV may compel such attendance and production of documents as stated in Fed.R.Bankr.P. 2004(c) in the manner provided in Fed.R.Bankr.P. 9016, which incorporates the procedure for the issuance of a subpoena as set forth in Federal Rule of Civil Procedure 45;

111470763v1

      7.      The Debtor shall timely respond to any document requests made by LV in accordance with Fed.R.Bankr.P. 2004(c).  The Debtor may assert written objections in good faith to the requests as if such requests had been served pursuant to Fed.R.Bankr.P. 7034, and shall produce to LV all responsive documents that are not subject to a valid timely asserted objection.

      The Clerk is directed to serve a copy of this Order upon counsel for the Debtor, counsel for LV Atlanta LLC, and the United States Trustee.

**[END OF DOCUMENT]**

[*Signature on following page*]

111470763v1

PREPARED AND PRESENTED BY:

*/s/ __Matthew R. Brooks_____*
Matthew Ray Brooks (GA Bar No. 378018)
Matthew G. Roberts (GA Bar No. 367914)
600 Peachtree Street, NE
Suite 3000
Atlanta, GA 30308
Telephone: 404.885.3000
Facsimile: 404.885.3900
E-mail: matthew.brooks@troutman.com
E-mail: Matthew.Roberts2@troutman.com

*Counsel for LV Atlanta LLC*

111470763v1

## **EXHIBIT 1**

111470763v1

## DEFINITIONS

As used herein, the following definitions and instructions shall apply:

1. The "Debtor" and "Good Deed" is the debtor in the bankruptcy proceeding, Good Deed 317, LLC;

2. The "Debtors" are, collectively, Good Deed 317, LLC, the debtor in the instant proceeding, and Areu Studios, LLC, the debtor in Case No. 20-71228-pmb;

3. "LV" is LV Atlanta LLC;

4. "You" or "Your" as used herein shall mean Good Deed 317, LLC, its various agents, employees, subsidiaries and attorneys;

5. The "Parties" are, collectively, LV Atlanta LLC, Good Deed 317, LLC and Areu Studios, LLC;

6. "Cinelease" means Cinelease, Inc.

7. "Person" or "Persons" mean natural persons, corporations, partnerships, joint ventures, unincorporated associations, and all other entities;

8. "Document" is defined to be synonymous with the broadest possible meaning of the word "documents" as that word is used in Rule 34 of the Federal Rules of Civil Procedure, made applicable herein by Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, and shall include electronically stored information;

9. "Communication(s)" includes every manner of transmitting or receiving facts, information, opinions, or thoughts from one person to another person, whether orally, by documents, writing, email, or copy thereof, and to words transmitted by telephone, radio, or any method of voice recording;

10. The "Loan Agreement" means the *Loan Agreement* entered into by Good Deed 317, LLC, as Borrower, and LV Atlanta LLC, as Lender, dated December 13, 2018;

11. The "Security Instrument" means the *Deed to Secure Debt, Assignment of Leases and Rents, Security Agreement and Fixture Filing* entered into by Good Deed 317, LLC, as Grantor, and LV Atlanta LLC, as Grantee, dated December 13, 2018;

12. The "Property" means the property set forth on Schedule A to the *Deed to Secure Debt, Assignment of Leases and Rents, Security Agreement and Fixture Filing* entered into by

111470763v1

       Good Deed 317, LLC, as Grantor, and LV Atlanta LLC, as Grantee, dated December 13, 2018;

13. The "Revenue Sharing Agreement" means that certain *Revenue Sharing Agreement*, dated April 3, 2019, by and between Cinelease and Areu Studios, LLC, as referenced in *Areu Studios, LLC's Disclosure Statement* [Case No. 20-71228, D.I. 16 at 7].

14. The "Studio Sublease Agreement" means that certain *Studio Sublease Agreement*, dated April 3, 2019, by and between Cinelease and Areu Studios, LLC, as referenced in *Areu Studios, LLC's Disclosure Statement* [Case No. 20-71228, D.I. 16 at 7].

15. "PPP" means the Paycheck Protection Program established pursuant to the Coronavirus Aid, Relief, and Economic Security Act (CARES Act).

16. "SBA" means the United States Small Business Administration.

17. The "Petition Date" means October 29, 2020;

18. The "Bankruptcy Code" means 11 U.S.C. 101 *et seq*;

19. "Affiliate" means affiliate as defined in the Bankruptcy Code;

20. "Insider" means insider as defined in the Bankruptcy Code;

21. The "Disclosure Statement" means the Debtor's *Disclosure Statement for Plan of Reorganization* [D.I. 12] filed on November 11, 2020; and

22. The "Plan" means the Debtor's *Chapter 11 Plan of Reorganization* [D.I. 13] filed on November 11, 2020.

**INSTRUCTIONS**

23. Each Request for Production seeks documents and things in the possession, custody, or control of Good Deed and/or its representatives or agents, including its attorneys, to the extent such documents are not protected by the attorney-client privilege, as well as documents in the possession, custody, or control of any other persons acting for or on Good Deed's behalf.

24. Documents or things responsive to these Requests for Production shall be produced as they are kept in the usual course of business.

25. Whenever in these Requests Good Deed is asked to identify or produce a document which is deemed to be properly withheld from production:

    (a) If Good Deed is withholding the document under a claim of privilege (including, but not limited to, the attorney-client privilege and/or work product doctrine), please provide the type of document, the date of the document, and such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you.

    (b) If Good Deed is withholding a document for any reason other than an objection that is beyond the scope of discovery or that a request is unduly burdensome, identify each document, and in addition to the information requested above, please state the reason for withholding the document.

26. When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing any privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

27. If production of any requested document is objected to on the grounds that production is unduly burdensome, describe the burden or expense of the proposed request.

28. If any document or thing requested was, but is no longer in the possession or subject to the control of Good Deed, or is no longer in existence, state whether it:

111470763v1

    (a)    is missing or lost;

    (b)    has been destroyed;

    (c)    has been transferred, voluntarily or involuntarily, to others and state the identity of those persons to whom it has been transferred;

    (d)    has been otherwise disposed of, and in each instance, explain the circumstances surrounding such disposition, state the date or approximate date thereof, and the identity of the persons with knowledge of such circumstances; or

    (e)    identify the writings that are missing, lost, destroyed, transferred or otherwise disposed of, by author, date, subject matter, addressee and the number of pages.

29. The present tense includes the past and future tenses. The singular includes the plural, the plural includes the singular. "All" means "any and all"; "any" means "any and all"; "including" means "including but not limited to"; "and" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

30. If the requested documents are maintained in a file, the file folder is included in the production of those documents.

31. Each and every request for a document or documents to be produced requires production of the document, in its entirety, without abbreviation or expurgation, and without redacting any portions of it.

32. More than one paragraph of this Request may ask for the same document. The presence of such duplication is not to be interpreted to narrow or limit the normal interpretation placed upon each individual request.

33. Except as otherwise indicated, the period covered by these Requests shall be from December 13, 2018, to the present.

**REQUEST FOR PRODUCTION**

1. A copy of the Operating Agreements of the Debtor, including any and all amendments, addendums, or restatements thereto, for the years 2017, 2018, 2019, and 2020;

2. Copies of all contracts and agreements between the Debtor and any entity controlled, directly or indirectly, by Ozzie Areu or any of his relations;

3. All Documents relating to any application for and confirmation of any loan requested and received by the Debtor from December 13, 2018 up through and including the Petition Date, including, but not limited to, PPP and SBA loans;

4. A copy of the *Studio Sublease Agreement* with Cinelease;

5. A copy of the *Revenue Sharing Agreement* with Cinelease;

6. All Documents relating to any extension or proposed new lease or other agreement with any party, including without limitation, Cinelease or Warner Brothers;

7. All Documents relating to any refinancing proposals, terms sheets or expressions of interest from any party received by the Debtor with respect to the secured debt held by LV;

8. All Documents relating to any purchase offers received by the Debtor for the Property;

9. Copies of all appraisals of the Property;

10. All Documents relating to Debtor's financial condition from four (4) years prior to the Petition Date up through and including the Petition Date, including, but not limited to, bank statements, profit and loss statements, balance sheets, and cash flow statements, including copies of all monthly bank statements, checks, ACH transfers, wires and all other forms of transfers received or sent from all bank accounts in which the Debtor has an interest;

11. All Documents relating to any and all transfers of funds by and between the Debtor, Areu Studios, LLC, any subsidiary of Areu Studios, LLC, any Affiliate of Areu Studios, LLC or Ozzie Areu from four (4) years prior to the Petition Date up through and including the Petition Date, including, but not limited to, copies of all checks, ACH transfers, wires and all other forms of transfers received or sent from all bank accounts in which Areu Studios, LLC or the Debtor has an interest;

12. The federal and state income tax returns of Ozzie Areu for years 2017, 2018 and 2019;

13. Copies of any and all leases, including, but not limited to, any and all amendments or addendums thereto, between Good Deed 317, LLC and Areu Studios, LLC;

14. All Documents relating to all payments paid by the Debtor, its Affiliates, or its Insiders to Kim Ledford;

111470763v1

15. All Documents relating to compensation or any other payments paid by the Debtor, its Affiliates, or its Insiders to Ozzie Areu occurring within one (1) year prior to the Petition Date;

16. All Documents relating to any and all transfers from the Debtor to any Insiders, occurring within four (4) years prior to the Petition Date;

17. The general ledger (or any similar Document) of the Debtor from three (3) years prior to the Petition date up through and including the Petition Date;

18. All Documents supporting the information contained in the Debtor's Bankruptcy Petition and accompanying schedules and disclosures;

19. The Debtor's federal and state income tax returns for tax years 2017, 2018, and 2019 (if prepared);

20. All budgets and projections of revenues and expenses relating to the Debtor's pending Chapter 11 case, including, but not limited to, the Debtor's Plan;

21. All Documents relating to the liquidation analysis of the Debtor as required by Section 1129(a)(7) of the Bankruptcy Code;

22. All Documents relating to the Cinelease advance in 2019 in the approximate amount of $2.8 million pursuant to the *Revenue Sharing Agreement*, including, but not limited to, how said funds were transferred and received, as well as all Documents relating to the use of those funds by the Debtor, Areu Studios, LLC, any subsidiary of Areu Studios, LLC, or Ozzie Areu;

23. All Documents relating to the sale of 22.77 acres of certain property to Stone Hogan Commerce for $2,650,000 and all Documents relating to the use by the Debtor of the sale proceeds, including, but not limited to, all Documents relating to the use of $1,000,000 of sale proceeds by the Debtor, Areu Studios, LLC, any subsidiary of Areu Studios, LLC, or Ozzie Areu;

24. All Documents relating to any claims held by the Debtor against Areu Studios, LLC and/or any entity related to Areu Studios, LLC, including, but not limited to, Areu Group and Areu Brothers;

25. All Documents relating to and forming the basis of the Debtor's proposed treatment of LV under the Plan, including, but not limited to, the proposed interest rate of 4.25%;

26. Any and all expert reports the Debtor intends to use in connection with and in support of its Plan;

27. Any and all audited or unaudited financial statements of the Debtor for the last three (3) years prior to the Petition Date; and

111470763v1

28.     Any and all Documents relating to any and all transfers involving the Property as well as transfers of funds associated with, derived from or attributable to the Property, by and between the Debtor, Areu Studios, LLC, any entity related to Areu Studios, LLC, Ozzie Areu, or any entity in which Ozzie Areu holds an interest.

111470763v1