**IT IS ORDERED as set forth below:**



**Date: June 30, 2021**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>GOOD DEED 317, LLC,<br><br>Debtor. | CHAPTER 11<br><br>CASE NO. 20-71227-PMB |

**CONSENT FINAL DECREE**

Debtor filed its *Application for Final Decree*[1] (the "Application") (Doc. No. 94) and *Final Report* (Doc. No. 95) on April 29, 2021. On June 25, 2021, the United States Trustee filed its *United States Trustee's (1) Objection to Debtor's Application for Final Decree and (2) Motion for Payment of Quarterly Fees* (the "Objection") (Doc. No. 103).

On November 11, 2020, Debtor filed its *Plan of Reorganization* (Doc. No. 13). On December 11, 2020, Debtor filed its *Amended Plan of Reorganization* (Doc No. 36). On February 5, 2021, Debtor filed its *Second Amended Plan of Reorganization* (Doc No. 58) and on March 1,

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed in the Application.

2021, the Debtor filed its *First Modification to Second Amended Plan of Reorganization* (Doc No. 73)(Collectively, the "Plan").

On June 28, 2021, the Application came on for hearing before the Court.  Cameron M. McCord appeared on behalf of the Debtor and Jonathan S. Adams appeared on behalf of the United States Trustee.  The parties announced that the Objection had been resolved. Based upon a review of the record in this case and the representations of counsel, it appears that the estate has been fully administered.  Accordingly, pursuant to Federal Rule of Bankruptcy Procedure ("Fed. R. Bankr. P.") 3022, it is hereby

ORDERED that:

1. The provisions of the Plan bind Debtor, any entity issuing securities under the Plan, any entity acquiring property under the Plan, and all creditors of Debtor, whether or not the claim or interest of such creditor is impaired under the Plan, and whether or not such creditor or interest holder has accepted the Plan;

2. Except as otherwise provided in the Plan or the order entered on March 17, 2021 confirming Debtor's Plan (Doc. No. 85) (the "Confirmation Order"), all property of the estate is vested in Debtor;

3. Except as provided in the Plan or Confirmation Order, the property dealt with by the Plan is free and clear of all claims and interests of creditors, equity holders of Debtor and other parties in interest;

4. Except as otherwise specifically provided in the Plan or Confirmation Order, (A) Debtor is discharged from any debt that arose before the date of the Confirmation Order and any debt of a kind specified in 11 U.S.C. § 502 (g), (h) or (i), whether or not: (a) a proof of claim based on such debt was filed or deemed filed; (b) such claim was allowed under 11 U.S.C. § 502; or (c) the holder of such claim accepted the Plan; and (B) all rights and interests of equity holders in the Debtor are terminated and reissued pursuant to the terms of the Plan.

5. All creditors of, claimants against, and all persons having or claiming interest of any nature in Debtor's property and assets and all equity holders are enjoined and stayed from pursuing or attempting to pursue any action, commencing or continuing any action, employing any process or any act against Debtor or its property, on account of or based upon any right, claim, or interest which any such creditor, claimant, or other person may have had at the date of the filing of Debtor's Chapter 11 petition, except with respect to claims, rights, or interest arising out of the Plan or orders of this Court;

6. The Court shall retain jurisdiction to reopen this Bankruptcy Case, without limitation, (a) to adjudicate any objection to a claim or interest (by way of contested matter or adversary proceeding) (the "<u>Claim Dispute</u>") filed before or after the entry of the Final Decree, or (b) otherwise determine any dispute regarding the treatment of a claim or interest, including objections to any claim or interest under the Plan. In the event Debtor reopens the Bankruptcy Case for such a purpose, the fee associated with Debtor's Motion to Reopen this Bankruptcy Case may be waived, and Debtor may not be responsible for payment of such to the Clerk of Court for the Bankruptcy Court of the Northern District of Georgia;

7. The Debtor shall pay all United States Trustee Fees owed pursuant to Section 28 U.S.C Section 1930(a)(6) through the date of the entry of this Order. The Debtor acknowledges it owes estimated U.S. Trustee Fees of $250.59, which consists of estimated fees for second quarter, 2021 and nominal interest owed for past delinquent quarterly fee payments. The Debtor shall remit payment for these outstanding fees within 45 days of the entry of this Order. Nothing in this Order precludes the United States Trustee from initiating any collection action available for outstanding fees under United States Code, and

8. The Final Report is approved and the Application is *granted.*

The Clerk, U.S. Bankruptcy Court, is DIRECTED to close this case.

**[End of Order]**

| | |
|---|---|
| Prepared and Presented By:<br>JONES & WALDEN LLC | Consented to By: |
| */s/ Cameron M. McCord*<br>Cameron M. McCord<br>Georgia Bar No. 143065<br>699 Piedmont Ave, NE<br>Atlanta, Georgia 30308<br>Counsel for Debtor<br>(404) 564-9300<br>*cmccord@joneswalden.com* | */s/ Jonathan S. Adams*<br>Jonathan S. Adams (with express permission by Cameron M. McCord)<br>Georgia Bar No. 979073<br>Office of the United States Trustee<br>362 Richard B. Russell Building<br>75 Ted Turner Drive, S.W.<br>Atlanta, Georgia 30303<br>(404) 331-4437<br>*jonathan.s.adams@usdoj.gov* |

**Distribution List:**

All parties on the mailing matrix in this case.